UNDERWOOD *versus* NORTH WAYNE SCYTHE COMPANY.

In a complaint for flowing land, damages can only be awarded for the effects of the dam described in the complaint.

The damages arising from other dams, although *auxiliary* to the *one* complained of, cannot be considered by the jury.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

This was a COMPLAINT to recover damage for flowing the complainant's land by a mill-dam.

It contained two counts, but during the charge to the jury, the complainant withdrew the second count.

The remaining count alleged that the respondents "are occupants of certain water-mills, being and standing on their land in Wayne, in the county aforesaid, and on the stream aforesaid, which is not navigable; for the working of which mills, the said company, ever since the said fourteenth day of November, A. D. 1848, and now do, maintain a dam on their land and across said stream, by reason whereof twenty acres, part of the parcel first described, lying on the west side of said stream, and ten acres, &c., ever since said fourteenth day of November, and now are, overflowed, to the yearly damage of seventy-five dollars."

The general issue was pleaded, with a brief statement claiming that no injury was done; that they had a right to flow without any compensation; and also denying the seizin of complainant in the land described.

It was shown that the respondents occupied certain water-mills in Wayne, at the dam across the stream which was maintained to raise the head for working them.

That the dam for that purpose had been kept by them and those under whom they held, for more than forty years, at its present height. In the early part of its erection it was leaky, and in 1838 had been thoroughly repaired, and so kept ever since.

It appeared in evidence, that in 1821, the owners of the said dam and mills erected a dam across the same stream at the outlet of the pond, about one hundred and fifty rods

above the dam at the mills, for the purpose of stopping the water when making repairs on the lower dam. In the upper dam there was an open space in the thread of the stream, eight feet wide, and so remained for about two years when it was enlarged six or eight feet and was not afterwards repaired prior to 1838.

The complainant in 1824, made complaint of the dam at the outlet to the owners of the mills below, and the same was in part removed. In 1838, the dam at the outlet was repaired to stop the water to allow the repair of the lower dam. In the upper dam an open space of twelve feet in width was left and never closed except when repairing below.

In 1849 the respondents built a new dam on their land, about half way between that at the outlet and that at their mills, to enable them to repair the lower dam. In this new one was an open space of twenty-four feet wide which was never closed excepting in time of repairing below.

The respondents contended that the proof should be confined to the dam at the mills; that the other dams had been erected for different purposes; and that no damage from either of the upper dams could be considered in this complaint.

The complainant contended that all the dams had been erected and maintained for the purposes of raising water for working defendants' mills, and inasmuch as he had not been called upon to elect, during the trial, which dam he would rely upon as occasioning the damage, the proof might properly apply to all or either of the dams, and if either or all had caused the damage, such should be considered in this complaint.

The presiding Judge instructed the jury that they would not be confined in their deliberations to the proof relative to the dam at the mills, in ascertaining whether damage had been occasioned by overflowing complainant's land by that dam; but if they should find that the damage was occasion-

ed by the other dams, or by any one of them, as contended for by complainant, their verdict would be for him.

The verdict was for complainant, and respondents excepted.

*Morrill,* in support of the exceptions.

*Paine, contra.*

APPLETON J. — This is a complaint under the statute for flowing. The declaration originally contained two counts, but during the progress of the trial, all claim for damages under the second was abandoned.

The first count alleges, that the respondents are the occupants of certain water-mills, being and standing on their land in Wayne, and on a stream in said town; for the working of which mills, said respondents, since the 14th of November, 1848, had maintained *a dam on their land across said stream,* by reason whereof the land of the complainant was flowed.

It appears from the evidence, that there was one dam erected and maintained in Wayne for the working of the defendants' mills, and that this had been in existence for more than forty years. Subsequently, and in 1821, the owners of these mills and the dam, built a dam at the outlet of the pond, and about one hundred and fifty rods above the first mentioned dam for the purpose of stopping the water when making repairs upon the lower dam. In 1849, the dam built in 1821, having gone to decay, another dam midway between the dam at the outlet of the pond and that at the mills was erected to enable them to stop the water from the mills below, while the lower dam was being repaired.

Upon this state of facts, the presiding Judge instructed the jury, that " they would not be confined in their deliberations *to the proof relative to the dam at the mills,* in ascertaining whether damage had been occasioned by the overflowing of the complainant's land by that dam; but if they should find that the damage was occasioned by the

other dams, or by any one of them, as contended for by the complainant, their verdict would be for him."

The declaration, when the cause was submitted to the jury, referred to one dam only. The instructions given related to other dams than that of which complaint was made. The rights of the parties are only to be ascertained from the record. That discloses or should disclose, the grievances suffered and on account of which, damages are awarded. But the instructions permitted the jury to disregard the record, and to render a verdict for injuries resulting from causes in reference to which no complaint had been made. It is no answer to say, that the other dams were auxiliary to the main dam. If so, they were the subject of specific complaint if they were the occasion of any damage to the complainant. *Nelson* v. *Butterfield*, 21 Maine, 220. The judgment in this case would afford no protection against a complaint for injuries arising from other dams. The instructions given were erroneous, and the exceptions must be sustained. *Exceptions sustained and new trial granted.*

SHEPLEY, C. J., and TENNEY and CUTTING, J. J., concurred.